UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Antoine Dewan Cook, | ) | CASE NO. 5:25 CV 1486 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| Sheriff Kandy Fatheree, *et al.*, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

### I. Background

*Pro se* Plaintiff Dewan Cook, a federal prisoner, brings this *in forma pauperis* civil rights action under 42 U.S.C. § 1983 against Summit County Sheriff Kandy Fatheree, and Deputies Theresa Hill and Patrick Hunt. (Doc. No. 1.) In his complaint, he alleges his rights were violated in connection with a search of a hotel room rented by his girl friend that was prompted by an allegation of domestic violence. He contends he was falsely, and discriminatorily, arrested in connection with the incident and that his cell phone was illegally seized and searched, which led to his arrest and conviction on federal drug charges. *See United States v. Cook*, No. 24 cr 347 (N.D. Ohio filed Sept. 19, 2014).

He seeks $350 million dollars in damages on the basis that his federal conviction (on an offense he contends he "did not commit") was based on the illegal seizure of his cell phone. (Doc. No. 1 at 5, ¶ V.)

In addition to a motion to proceed *in forma pauperis*, which has been granted by separate order, he has filed various motions in the case: seeking body camera footage, for appointment of

1

counsel, to obtain a library machine or mobile tablet, and to order Core Civic to produce video footage of certain events. (Doc. Nos. 3,4,5,6.) For the following reasons, his complaint is dismissed.

## II. Standard of Review

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

## III. Discussion

The Court finds that Plaintiff's complaint warrants dismissal for failure to state a claim in accordance with § 1915(e)(2)(B).

Although Plaintiff indicates on his complaint that he has not begun any other lawsuit based on the same facts involved in this action (*see* Doc. No. 1 at 1, ¶I.A), in fact, Plaintiff has already filed a federal civil rights lawsuit in this district against the Summit County Sheriff and others alleging civil rights violations arising from the same incident described in his complaint. *Cook v. Summit Cty. Sheriff, et al.*, No. 5: 25 cv 984 (N.D. Ohio July 18, 2025) (Brennan, J.). In his prior case, as here, Plaintiff contested his arrest and the search of the hotel room, and

2

contended this led to his unlawful arrest and conviction in his federal criminal case. The district court dismissed Plaintiff's prior complaint for failure to state a claim pursuant to § 1915(e)(2)(B) on the basis of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See id.*

The doctrine of *res judicata* precludes a party from bringing "a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised in a prior action." *Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004). Under federal law, a case dismissed under § 1915(e) has preclusive effect in a subsequent *in forma pauperis* suit concerning the same facts. *See, e.g., Clemons v. Ohio Bureau of Workers' Comp.*, No. 17-4092, 2018 WL 1845871, at *1–2 (6th Cir. Mar. 8, 2018) (affirming dismissal of subsequent *in forma pauperis* action based on prior dismissal under § 1915); *Burton*, 102 F. App'x at 463 (similar).

The dismissal of Plaintiff's prior complaint precludes his present action. His present complaint clearly arises out of the same underlying transaction or occurrence as his prior lawsuit, Plaintiff brings it against the same parties (the Summit County Sheriff) or their privies (Deputies Hill and Hunt), and any claims he asserts here were, or could have been, raised in his prior case. Accordingly, his complaint is barred by *res judicata*. *See, e.g., Clemons*, 2018 WL 1845871, at **1-2; *Burton*, 102 F. App'x at 463.

Furthermore, even if not barred by *res judicata*, Plaintiff's complaint warrants dismissal for the same reason his prior complaint was dismissed. In *Heck v. Humphrey,* the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

3

conviction or sentence invalid," a § 1983 plaintiff must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 486-87.

Under *Heck*'s favorable termination rule, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," a court must dismiss the claim "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.

Plaintiff's claims here imply the invalidity of his federal conviction.  But he has not alleged or demonstrated that his federal conviction has been invalidated or called into question in any of the ways articulated in *Heck*.  Accordingly, *Heck* bars his claims.  *See, e.g.*, *Holson v. Good*, 579 Fed. Appx. 363, 365 (6th Cir. 2014) (*Heck* bars Fourth Amendment claims where the contested search produced all the evidence supporting the conviction); *Corley v. Vance*, 365 F. Supp.3d 407, 425–26 (S.D.N.Y. 2019) (*Heck* precluded a plaintiff's § 1983 claims against a city police department and county district attorney's office arising from the investigation, arrest, and prosecution of plaintiff on earlier state charges that were dismissed and subsequently subsumed by a federal case, which did not result in favorable termination).

## Conclusion

Based on the foregoing, Plaintiff's complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and his remaining pending motions will be terminated. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: October 21, 2025

    /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE